# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

QUINCY L. WEST,

                    Plaintiff,

      v.                                  Case No. 22-CV-1068

LOUIS DEJOY,

                    Defendant.

## DECISION AND ORDER

Before the court is the defendant's expedited non-dispositive motion to compel discovery. (ECF No. 33); *see* Civ. L.R. 7(h) (E.D. Wis.) At issue are the following of the defendant's requests for production:

> REQUEST 10: Produce all documents, records, reports, and/or other written materials that have been submitted on your behalf in applying—since 2013—for: (a) Social Security disability benefits; or (b) Supplemental Security Income.

> REQUEST 11: Produce all decisions, rulings, and/or determinations that have been made with respect to any of the benefits listed in Request 10 above for which you have applied.

> REQUEST 12: Sign and date the attached Consent for Release of Information authorizing the release of records relating to any claim that you have ever made, or benefits that you have ever received, for Social Security disability and/or Supplemental Security Income.

(ECF No. 34-3 at 2.)

Plaintiff Quincy L. West responded:

ANSWER [10]: Object to this request as being overly broad and not reasonably calculated to lead to admissible evidence inasmuch it goes back 10 years. Mr. West does not receive SSL Mr. West does not have copies of his Social Security Disability Income submissions. We have already provided medical releases for his medical providers. Plaintiff is willing to request from Social Security any application materials and documents submitted on his behalf, and will provide same upon receipt.

ANSWER [11]: Object to this request as being overly broad and not reasonably calculated to lead to admissible evidence inasmuch it goes back 10 years. Mr. West does not have copies of his Social Security Disability Income decisions, rulings, determination. Plaintiff is willing to request from Social Security any decisions, rulings, and/or determinations and will provide same upon receipt.

ANSWER [12]: Object to this request as overly broad and burdensome and not reasonably calculated to lead to admissible evidence. The release provided goes back ten years and also contains release of information with no bearing on this litigation, such as amount of benefits and payments. Plaintiff is not willing to sign the provided release, but is willing to provide the documents referenced in the requests above. *See, Cleveland v. Policy Management Sys. Corp*. 526 U.S. 795 (1999).

(ECF No. 34-4 at 1-2.)

The defendant states that West testified he had been receiving Social Security disability benefits from before he began working for the Postal Service until recently. (ECF No. 33 at 2.) The defendant argues that evidence related to West's Social Security claim is relevant to whether West was capable of performing the essential duties of his job with or without an accommodation. A person can generally receive Social Security disability benefits only if he is incapable of performing any work. The defendant also

argues that Social Security records are relevant to damages if West was incapable of working following his termination. (ECF No. 33 at 3.)

West responds that he has already provided releases for the defendant to obtain his mental health records. (ECF No. 35 at 1.) And he states he is willing "to request his SSDI applications, decision, rulings and determinations." (ECF No. 35 at 1.) But he argues that the defendant's request for all such records going back ten years is overbroad.

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1)

The defendants' requests seek information that is relevant and proportional to the needs of the case. The request for ten years of information is not overbroad. Although the period most directly at issue in this case is the few months West worked for the Postal Service in 2021, his alleged disability significantly predated that period. As such, records documenting his disability are relevant to his claim even if they were from many years earlier. And his record of earnings and disability following his termination from the Postal Service is relevant to both the elements of his claim and the extent of any damages he sustained.

3

As for West's objection that nothing in the Federal Rules explicitly authorizes a party to demand an opponent sign a release for records, he is correct. But such demands are routine in all sorts of litigation, and West has not pointed to any authority suggesting that they are improper. To the contrary, federal courts will routinely threaten litigants with dismissal of their suits if they do not sign such releases. *See, e.g.*, *Hokamp v. Miller*, No. 21-CV-1125-JPS, 2022 U.S. Dist. LEXIS 223086, at *7 (E.D. Wis. Dec. 12, 2022) (citing cases); *Earl v. Kinziger*, No. 20-cv-617-pp, 2022 U.S. Dist. LEXIS 93606, at *12 (E.D. Wis. May 25, 2022) (citing *Daggett v. Wollangk*, 189 F. App'x 504, 506 (7th Cir. 2006); *Davis v. Berge*, No. 01-C-265-C, 2002 U.S. Dist. LEXIS 27133, at *44 (W.D. Wis. July 15, 2002)).

A permissible alternative to signing a release is for West to obtain the records himself and then produce those records to the defendant, provided he is able to do so within the time limits allotted under the Federal Rules. However, this would not authorize West to redact or otherwise withhold information that he felt was irrelevant or private. Although courts disagree as to the propriety of so-called responsiveness redactions, *compare, e.g.*, *RBS Citizens, N.A. v. Husain*, 291 F.R.D. 209, 222 (N.D. Ill. 2013), *with Hansen v. Country Mut. Ins. Co.*, No. 18 CV 244, 2020 U.S. Dist. LEXIS 177584, at *12 (N.D. Ill. Sep. 28, 2020); *Bell v. Anthem, Inc.*, No. 1:15-cv-02062-TWP-MPB, 2016 U.S. Dist. LEXIS 194739, at *9 (S.D. Ind. Nov. 9, 2016), it is this court's view that such redactions are appropriate, if at all, only in extreme circumstances. This is not such a circumstance.

Provided the document is within the scope of a proper request, redactions of portions of that document are limited to matters of privilege or work product and must be made in accordance with Fed. R. Civ. P. 26(b)(5).

Because the court rejects West's objections, there is no basis for the court to conduct an in camera review. *See Billy Goat IP LLC v. Billy Goat Chip Co. LLC*, No. 17-CV-9154, 2019 U.S. Dist. LEXIS 233218, at *10 (N.D. Ill. Feb. 1, 2019) ("A party is not automatically entitled to an *in camera* review.") (citing *United States v. Zolin*, 491 U.S. 554, 571 (1989)).

**IT IS THEREFORE ORDERED** that the defendant's motion to compel (ECF No. 33) is **granted**. West shall fully comply with Requests 10, 11, and 12 (ECF No. 34-3) within **30 days** of the date of this order. Any request for the movant's reasonable expenses must be made within **14 days** of the date of this order. Briefing on the request shall proceed in accordance with Civ. L.R. 7(a)-(f).

Dated at Milwaukee, Wisconsin this 28th day of November, 2023.

*William E. Duffin*
WILLIAM E. DUFFIN
U.S. Magistrate Judge